UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


THE BURLINGTON INSURANCE COMPANY                          PLAINTIFF


VS.                             CIVIL ACTION NO. 3:06CV533TSL-JCS

MOTHER'S LAND, INC., HUSSAM AHMAD,
HILL CITY OIL COMPANY, INC., MAGDI
ELTA YEB ELSHAFIA AND JOHN DOES 1 – 10          DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant

Hill City Oil Company, Inc. to dismiss.  Plaintiff The Burlington

Insurance Company (Burlington) has responded in opposition to the

motion and the court, having considered the memoranda of

authorities, together with attachments submitted by the parties,

concludes that the motion should be denied.

On January 11, 2005, Magdi Alta Yeb Elshafia was shot in the

leg by Derrick Addison while working at a Chevron Mini Mart run by

defendant Mother's Land, Inc. on West Northside Drive in Jackson,

Mississippi.  The property where the shooting occurred had been

leased by defendant Hill City Oil Company to defendant Hussam

Ahmad, who incorporated Mother's Land, Inc. to operate the gas

station on the subject property.  On October 27, 2005, Elshafia

filed a complaint in the Circuit Court of Hinds County against

Ahmad, Hill City, Derrick Addison and John Does 1-10 seeking to

recover damages for the injuries he sustained in the shooting.  He

subsequently filed an amended complaint on July 13, 2006, demanding compensatory and punitive damages from Ahmad and Hill City based on their alleged gross and reckless negligence in the operation of the subject gas station and failure to provide reasonable safeguards for the protection of Elshafia.

The lease agreement between Hill City and Ahmad included an indemnity agreement in favor of Hill City, and a requirement that Ahmad maintain liability insurance on the property "for the purpose of saving LESSOR [Hill City Oil]."  In keeping with this requirement, Ahmad had obtained a policy from Burlington insuring the property which was in effect at the time of the shooting. Burlington's policy was issued to Mother's Land, Inc., and, in addition to identifying Chevron Mini Mart – Mother's Land, Inc. as the named insured, included Hill City Oil Company as an additional insured.

On August 18, 2006, after receiving a copy of Elshafia's amended complaint, Hill City made a demand on Ahmad for defense and indemnity, and Ahmad, in turn, made a demand on Burlington for defense and indemnity.[1]  Burlington responded by letter dated September 27, 2006, denying it had any duty to defend or indemnify any insured.  On the same date, Burlington filed the present

---

[1]    It is not clear from the parties' submissions whether the original complaint was served, but it appears undisputed that demand was first made on Ahmad and Burlington for defense and indemnity after service of the amended complaint on Hill City.

2

action, seeking a declaratory judgment that under the terms of its policy, it has no obligation to defend or indemnify any of the policy insureds in connection with the underlying Elshafia lawsuit.  Subsequently, on October 26, 2006, Hill City filed its answer to the amended complaint in state court, and included a third-party complaint against Burlington for declaratory judgment, seeking an adjudication that Burlington has a duty to defend, and ultimately to indemnify Hill City for any liability imposed against it in that action.  Hill City then promptly moved to dismiss this action, contending that this court is an inappropriate jurisdiction for the determination of insurance coverage afforded by the Burlington policy since there is a pending state court action in which the issue can be resolved.

Unlike other kinds of cases, over which the district courts have a "virtually unflagging obligation" to exercise their jurisdiction notwithstanding that there is a pending state court action involving the very same issues, see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), the Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).  See also id. at 288 (stating that "[i]n the declaratory judgment context, the normal principle

3

that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration"); Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) (recognizing district courts' discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court); Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 539 (5th Cir. 2002) (recognizing that district courts have broad discretion to decline to hear a claim for declaratory judgment).

The ultimate issue in deciding how the court should exercise its discretion is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court." Brillhart, 316 U.S. at 495. As articulated by the Fifth Circuit, this decision involves three inquiries:  "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in St. Paul Insurance Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994)." AXA RE Property & Casualty Ins. Co. v. Day, 162 Fed. Appx. 316, at 2 (Jan. 11, 2006) (citing Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891 (5th Cir. 2000)).  The Fifth Circuit elaborated on these factors in AXA, explaining as follows.  First, a declaratory judgment action is justiciable if "'it can presently be litigated

and decided and is not hypothetical, conjectural, conditional or
based upon the possibility of a factual situation that may never
develop,'" Id. (citations omitted).  This requirement is clearly
satisfied here.

Second, "'a district court may not consider the merits of the
declaratory judgment action when 1) a declaratory defendant has
previously filed a cause of action in state court against the
declaratory plaintiff, 2) the state case involves the same issues
as those involved in the federal case, and 3) the district court
is prohibited from enjoining the state proceedings under the
Anti-Injunction Act.'"  Id. at 3 (quoting Travelers Ins. Co. v.
La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 776 (5th Cir. 1993)
(emphasis in original).  At the time this suit was brought by
Burlington, Hill City had not filed its complaint against
Burlington in the state court suit, and there is consequently no
question as to this court's authority to proceed in this cause.
The issue becomes whether or not it should do so.

This question is answered by reference to the seven
nonexclusive Trejo factors articulated by the Fifth Circuit:

> 1) whether there is a pending state action in which all
> of the matters in controversy may be fully litigated, 2)
> whether the plaintiff filed suit in anticipation of a
> lawsuit filed by the defendant, 3) whether the plaintiff
> engaged in forum shopping in bringing the suit, 4)
> whether possible inequities in allowing the declaratory
> plaintiff to gain precedence in time or to change forums
> exist, 5) whether the federal court is a convenient
> forum for the parties and witnesses, . . . 6) whether
> retaining the lawsuit in federal court would serve the

5

purposes of judicial economy . . . and [7)] whether the
federal court is being called on to construe a state
judicial decree involving the same parties and entered
by the court before whom the parallel state suit between
the same parties is pending.

Trejo, 39 F.3d at 590-91.

Regarding the first factor, Hill City argues that the state
court is a far more appropriate forum for litigation of the claims
herein not only because the issue of insurance coverage has been
raised in the state court action and may be litigated in that
forum, but also because "not all of the claims in . . .
controversy are before this court."  More to the point, Hill City
points out that it has asserted a cross-claim against Ahmad for
indemnity in the state court suit, and it argues that the fact
that this court would not have jurisdiction over a cross-claim by
Hill City against Ahmad is a factor which "weighs in favor of this
Court exercising its discretion to dismiss this action."  Hill
City's argument is without merit for at least two reasons.  First,
contrary to Hill City's supposition, this court would have
ancillary or supplemental jurisdiction over a cross-claim between
defendants.  See Zurn Indus., Inc. v. Acton Const. Co., Inc., 847
F.2d 234, 236-237 (5th Cir. 1988) ("If the claim is . . . a
cross-claim, Fed. R. Civ. P. 13(g), . . . the court has ancillary
(supplemental) jurisdiction over the claim or party even in the
absence of an independent basis for federal jurisdiction.").  More
important for the court's analysis, however, is the fact that the
only issue of insurance coverage raised in the state court suit

relates to coverage for Hill City. Mother's Land, the named insured under the Burlington policy, has not even been named as a defendant in the state court suit, and Ahmad, who is a defendant in that action, has not filed a complaint against Burlington, though he has apparently sought a defense and indemnity under the policy. This case, in contrast, is more comprehensive as it relates to the issue of insurance coverage, as it involves Burlington's claim that it owes no defense or coverage whatsoever to any party or insured in connection with the Elshafia lawsuit. In the court's opinion, the first <u>Trejo</u> factor therefore weighs in favor of this court's exercising jurisdiction.

As for the second factor, there is nothing to suggest that Burlington filed this action in anticipation of being sued in the state court suit by Hill City, or by any other insured. Burlington acknowledges that litigation against it was possible; but a lawsuit by an insured is always a possibility when an insurer has denied coverage to an insured or putative insured.

Regarding the forum-shopping factor, the Fifth Circuit has written:

> [T]he fact that federal forums are sought by some [plaintiffs] in an attempt to avoid the state court system, does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants. <u>Sherwin-Williams</u>[Co. v. Holmes County](#), 343 F.3d 383, 399 (5th Cir. 2003) (internal citation and quotation marks omitted). Instead, a court is more likely to find a plaintiff engaged in impermissible forum shopping where the federal action would change the applicable law. <u>See</u>

id. at 397, 399; <u>Mission Ins. Co. v. Puritan Fashions</u>
<u>Corp.</u>, 706 F.2d 599, 602 n.3 (5th Cir. 1983).

<u>AXA</u>, 162 Fed. Appx. at 320 (5th Cir. 2006).  <u>See also</u>

<u>Sherwin-Williams Co.</u>, 343 F.3d at 391 ("Merely filing a

declaratory judgment action in a federal court with jurisdiction

to hear it, in anticipation of state court litigation, is not in

itself improper anticipatory litigation or otherwise abusive

'forum shopping.').  Hill City has pointed to nothing that would

suggest impermissible forum shopping by Burlington.

    Further, the court is not aware of any inequities to Hill

City or its co-defendants in allowing this action to go forward in

this forum.  This forum is equally as convenient to the parties as

the state forum.  This action does not require the court to

construe any state court decree.  Finally, the court is not

persuaded that retaining this suit in this forum would disserve

judicial economy.  On the contrary, because this case involves the

singular issue of insurance coverage, this court could well

provide a more efficient forum for a decision on the issue.

    For the reasons given, the court declines to dismiss or stay

this action in favor of the pending state court suit, and

accordingly, it is ordered that Hill City's motion is denied.

    SO ORDERED this 23rd day of January, 2007.


                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE